**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

KEITH RUSSELL JUDD,

        Petitioner,

v.                                               No. CV 11-0290 WJ/DJS

HARLEY G. LAPPIN, DIRECTOR
FEDERAL BUREAU OF PRISONS;
ATTORNEY GENERAL OF NEW MEXICO, ET AL.,

        Respondents.

<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 2254 R. 4, on Petitioner's

Petition For Writ Of Habeas Corpus Under 28 U.S.C. § 2254.  The petition, which was originally

filed on August 13, 2010, in the Central District of Illinois, was then electronically transferred to this

Court on April 6, 2011.  In the petition, Petitioner challenges a New Mexico state court criminal

conviction entered against him in *State v. Judd*, No. CR-95-1311.

        Petitioner has previously filed two § 2254 petitions in this Court attacking the referenced

conviction.  *See Judd v. Dantis*, No. CV 98-0662 MV/DJS; *Judd v. King*, No. CV 09-1084 MCA/

DJS.  This Court dismissed both petitions.  In cause No. CV 98-0662 MV/DJS, on appeal from the

initial order of dismissal, the Court of Appeals for the Tenth Circuit remanded the matter with

instructions to dismiss the petition without prejudice.  *See Judd v. Dantis*, No. 99-2251, 2000 WL

123755, at *1 (10th Cir. Feb. 2, 2000).  The Court of Appeals also dismissed a number of other

appeals filed by Petitioner.  And in two separate orders, this Court denied Petitioner's post-appeal

motions and imposed filing restrictions against him.  Those restrictions prohibited "further filings

pertaining to this action or further original proceedings relating to the parties and subject matter of

this case." (No. CV 98-0662 MV/DJS, Doc. 59.) The instant petition is barred by the quoted language.

Furthermore, under the rules governing second or successive petitions, Petitioner may not proceed on his petition in this Court. Petitioner's § 2254 petition in cause No. CV 09-1084 MCA/DJS attacked the same state court conviction that is the subject of this proceeding. The Court dismissed that petition with prejudice (Doc. 77). The instant petition, therefore, is a second or successive petition that may not be prosecuted in this Court unless the Court of Appeals for the Tenth Circuit issues an order authorizing the filing. *See* 28 U.S.C. § 2244.

"When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). In *Cline*, the court noted several factors that should be considered in determining whether to transfer or dismiss a petition. *See id*. (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006)). Here, the Court has entered at least two injunctions against Petitioner and has found that it had no jurisdiction of at least one prior petition attacking the same conviction (No. CV 09-1084 MCA/DJS, Doc. 68, 77). On consideration of the factors in *Cline* and *Trujillo*, the Court will dismiss the petition rather than transfer it to the Court of Appeals for the Tenth Circuit.

Petitioner may not prosecute an appeal of this ruling unless he obtains a certificate of appealability. "[D]ismissal of an unauthorized § 2255 motion is a 'final order in a proceeding under section 2255' such that § 2253 requires petitioner to obtain a COA before he or she may appeal." *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Under 28 U.S.C. § 2254 R. 11, the Court *sua sponte* determines that Petitioner has failed to make a substantial showing that he has been

2

denied a constitutional right.  The Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED, and Petitioner may proceed without prepayment of costs or other fees or the necessity of giving security therefor;

IT IS FURTHER ORDERED that the injunction order entered in cause No. CV 98-0662 MV/DJS (Doc. 59) is hereby adopted as the Court's order in this proceeding; Petitioner is hereby ENJOINED from submitting further filings in this proceeding except a notice of appeal, or from initiating further proceedings related to the subject matter of this case; and the Clerk is directed to return without filing any document, except a notice of appeal, submitted by Petitioner under the caption of this proceeding;

IT IS FURTHER ORDERED that Petitioner's Petition For Writ Of Habeas Corpus Under 28 U.S.C. § 2254, originally filed on August 13, 2010, in the Central District of Illinois and electronically transferred to this Court on April 6, 2011, is DISMISSED as barred by injunction or for lack of jurisdiction; pending motions are DENIED as moot; and judgment will be entered;

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

_____

UNITED STATES DISTRICT JUDGE